| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br><br>Court Address:  501 Elizabeth Street<br>                          Pueblo, CO  81003 | DATE FILED: September 2, 2020 3:56 PM<br>FILING ID: 7F7C17569142B<br>CASE NUMBER: 2020CV30385 |
|---|---|
| Plaintiff:    John Padilla<br><br>v<br><br>Defendant:  Allstate Fire and Casualty Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br><br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>400 North Main Street<br>Pueblo, Colorado 81003<br>Phone Number:  (719) 544-8000<br>Fax Number:     (719) 545-4357<br>E-Mail: baillargeons@fdazar.com<br>           vecchioe@fdazar.com | Case Number:<br><br>Division/Ctrm: |

## COMPLAINT

COMES NOW Plaintiff, John Padilla, by and through his attorneys, Franklin D. Azar and Associates, P.C., for his Complaint against the Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. Mr. Padilla is an individual and resident of the State of Colorado.

2. Defendant Allstate Fire and Casualty Insurance Company hereinafter "Allstate" is a corporation doing business in the State of Colorado.

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

1

5. On or about May 21, 2020, Mr. Padilla was the driver of a 1982 Chevrolet Monte Carlo, traveling eastbound on 4th Street in Pueblo, Colorado.

6. A vehicle driven by Joselito Salvador, an under-insured motorist (UIM), was driving westbound on 4th Street.

7. The UIM driver failed to yield to oncoming traffic and made a left turn in front of Mr. Padilla.

8. Mr. Padilla collided with the passenger side of the UIM vehicle.

9. Mr. Padilla was not negligent on the occasion in question.

10. The UIM vehicle was insured by Fred Loya.

11. The liability policy limits for Fred Loya were $25,000.

12. Mr. Padilla demanded Fred Loya's policy limits of $25,000 on July 8, 2020 contingent upon receiving consent to settle for the policy limits from Defendant.

13. As of the date of filing this complaint, Defendant has yet to provide consent to settle with Fred Loya.

14. Mr. Padilla presented bills and records to Defendant on July 3, 2020 in the amount of $26,195.01.

15. Mr. Padilla requested consent to settle with the underlying liability carrier on July 3, 2020.

16. On August 13, Mr. Padilla contacted again Allstate requesting consent to settle.

17. On August 28, 2020, Mr. Padilla provided the same bills and records to Allstate in the amount of $26,195.01 as he did not receive a response from Defendant.

18. On August 28, 2020, Mr. Padilla received correspondence from Adrian Hill, an employee of Defendant, indicating Defendant did, in fact, receive the documents Mr. Padilla sent on July 3, 2020 and August 28, 2020.

19. On August 31, 2020, Mr. Padilla received correspondence from Adrian Hill, an employee of Defendant, indicating a UIM claim was not opened as of that date.

20. Defendant has not paid Mr. Padilla any UIM benefits as of the date of filing this Complaint.

## **FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

21. Mr. Padilla incorporates all prior allegations as though fully set forth herein.

22. Sometime prior to the accident, Stella Castruita entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and under-insured motorists.

23. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

23. Mr. Padilla has advised Defendant of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

24. Mr. Padilla is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

25. Mr. Padilla is entitled to be compensated by Defendant for all damages he has incurred, including pain, suffering, lost of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## **SECOND CLAIM FOR RELIEF**
**(FIRST PARY STATUTORY CLAIM**
**UNDER C.R.S. § 10-3-1116)**

26. Mr. Padilla incorporates all prior allegations as though fully set forth herein.

27. Defendant has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its action.

28. Defendant's unreasonable position and conduct has caused Mr. Padilla damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

29. In accordance with C.R.S. §10-3-1116, Mr. Padilla is entitled to recover from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## **THIRD CLAIM FOR RELIEF**
### (BAD FAITH)

20. Mr. Padilla incorporates all prior allegations as though fully set forth herein.

21. Defendant owed Mr. Padilla a duty to act in good faith in reviewing, adjusting, and settling his claims.

22. Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

 (a) Compelling this Plaintiff to institute litigation to recover amounts due him under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;

 (b) Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant State Farm owes fiduciary and statutory duties;

 (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;

 (d) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy;

 (e) Incompetently evaluating Plaintiff's claim; and

 (f) Failing to pay benefits under the policy.

23. Defendant's actions are unreasonable.

24. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

25. As a direct result of Defendant's breaches of its duties to its insured, Mr. Padilla has been damaged including, but not necessarily limited to:

 a. Being forced to incur additional costs in litigation;
 b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and
 c. Being deprived of the use of funds that would otherwise be used for such things

4

as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Mr. Padilla prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted September 2, 2019.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Original duly signed and on file at the office*
*of Franklin D. Azar & Associates, P.C.*
By:     *Shannon K. Baillargeon*
              Shannon K. Baillargeon, #52758
              Counsel for Plaintiff

**Plaintiff's Address:**
**806 E. 1st St.**
**Pueblo, CO 81001**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*