IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02937-CMA-STV

JOHN PADILLA,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. # 19), wherein Defendant Allstate Fire and Casualty Insurance Company ("Allstate") moves for summary judgment on all claims. Plaintiff opposes the Motion. For the following reasons, the Motion is denied.

### I.     BACKGROUND[1]

On or about May 21, 2020, Plaintiff John Padilla was driving a 1982 Chevrolet Monte Carlo ("Monte Carlo") traveling eastbound on 4th Street in Pueblo, Colorado. (Doc. # 4 at ¶ 5.) Mr. Padilla collided with a vehicle driven by Joselito Salvador. (*Id.* at ¶¶ 6–8.)

At the time of the accident, Stella Castruita had purchased automobile insurance

---

[1] The following facts are undisputed.

through Allstate, Policy No. 976 463 868 ("Policy"). Mr. Padilla dated Stella Castruita for approximately 32 years. They have four children together. (Doc. # 23-1 at 7.) Mr. Padilla has never resided at Ms. Castruita's residence. (Doc. # 19-2 at 13.)

The Policy provides $100,000.00 of uninsured motorists coverage ("UIM") per person and per occurrence. The General Statement of Coverage for the Policy provides that

> [i]f a premium is shown on the Policy Declarations for Uninsured Motorists Insurance for Bodily Injury, we will pay damages that an **insured person** is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

(Doc. # 19-1 at 39.) Under the Policy, an "insured person" is defined as:

> a) you and any resident relative;
> b) **any other person while in, on, getting into or out of, or getting on or off an insured auto with your permission**; or
> c) any other person who is legally entitled to recover because of bodily injury to you, a resident relative or an occupant of your insured auto with your permission.

(*Id.* at 40) (emphasis added). An "Insured Auto" is defined as a "motor vehicle you own which is described on the Policy Declarations and for which a premium is shown for Uninsured Motorists Insurance. This also includes: . . . d) a **non-owned auto**." (*Id.* at 41) (emphasis added). In turn, a "non-owned auto" is defined as "an auto used by you or a resident relative with the owner's permission but which is not: a) owned by you or a resident relative, or b) available or furnished for the regular use of you or a resident relative." (*Id.* at 19.)

2

The Monte Carlo driven by Mr. Padilla at the time of the accident was solely owned by him. (Doc. # 19-2 at 13.) Ms. Castruita would, on occasion, use the Monte Carlo. (Doc. # 23-1 at 8.) The Monte Carlo is listed on the declaration pages of Ms. Castruita's Policy. (Doc. # 19-1 at 7.)

Mr. Padilla submitted a claim to Allstate for UIM benefits under the Policy. Allstate conducted a coverage investigation in connection with his claim as early as June 15, 2020. (Doc. # 23-1 at 9–10, 14–15.) As a result of that investigation, Allstate identified $100,000 in available UIM benefits and determined that Mr. Padilla was a permissive user of the Monte Carlo. (*Id.* at 10) (noting "insured called back and advised that yes, John Padilla had permissive use of the vehicle."); (*id.* at 17) ("John was permissive user").

On July 3, 2020, Mr. Padilla provided Allstate medical bills in the amount of $26,195.01, as well as a request for consent to settle with the at-fault driver's insurance company. (Doc. # 4 at 2.) Allstate did not provide him consent to settle until September 3, 2020, a day after he initiated this lawsuit. (Doc. # 19-4.) Ultimately, Mr. Padilla received $25,000 in payment from the at-fault driver's insurance company. (Doc. ## 19-3.)

Mr. Padilla initiated this lawsuit in Pueblo County District Court on September 2, 2020, asserting claims for breach of contract, common-law bad faith, and statutory unreasonable delay and denial of benefits pursuant to Colo. Rev. Stat. § 10-3-1116. *See generally* (Doc. # 4). Allstate conducted an evaluation of Mr. Padilla's claim on September 15, 2020, and determined that Mr. Padilla was owed UIM benefits in an

3

amount between $1,461.54 and $1,711.54. (Doc. # 23-1 at 25.) On that date, Allstate issued a payment for UIM benefits under the Policy in the amount of $1,461.54. (*Id.* at 1.) Allstate has never issued a reservation of rights letter with respect to Mr. Padilla's claim for benefits under the Policy.

Allstate removed this action on September 29, 2020, on the basis of diversity jurisdiction. (Doc. # 1.) Allstate filed the instant Motion for Summary Judgment, asserting that Mr. Padilla is not entitled to benefits under the Policy, on January 20, 2021. (Doc. # 19.) Plaintiff filed a Response (Doc. # 23), and Allstate filed a Reply (Doc. # 24).

## II.  LEGAL STANDARDS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.    ANALYSIS

In its Motion for Summary Judgment, Allstate argues that Mr. Padilla is not entitled to UIM benefits under the Policy because (1) he is not a named insured, and (2) the Monte Carlo does not belong to Ms. Castruita. Plaintiff responds that Defendant is not entitled to summary judgment because the Monte Carlo is an insured, "non-owned

5

auto" under the terms of Policy. The parties do not dispute the relevant facts at issue but disagree as to how the Policy should be interpreted. Herein, the Court agrees with Plaintiff and denies the Motion for Summary Judgment.

In applying Colorado law, courts construe an insurance policy's terms according to principles of contract interpretation and seek to give effect to the intent and reasonable expectations of the parties. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004) (citations omitted). Recognizing that an insurance policy is often imposed on a "take-it-or-leave-it" basis, courts have a "heightened responsibility in reviewing insurance policy terms to ensure that they comply with public policy and principles of fairness." *Id.* at 501–02 (citations and quotation marks omitted). Thus, ambiguous terms in an insurance policy are construed against the insurer. *Id.*

Read as a whole, the Policy indicates that the Monte Carlo is a covered vehicle. The Policy affords UIM coverage to "any person" driving an "insured auto," including a "non-owned auto," which is defined as "an auto used by you or a resident relative with the owner's permission but which is not: a) owned by you or a resident relative, or b) available or furnished for the regular use of you or a resident relative." (Doc. # 19-1 at 19.) It is undisputed that the Monte Carlo was used on occasion by Ms. Castruita, was not owned by her or a resident relative, and was not available or furnished for her or a resident relative's regular use. Moreover, the Monte Carlo is listed in the Policy declarations as an insured vehicle, for which Ms. Castruita paid a premium of $630.17. *See* (Doc. # 19-1 at 7) ("Please review your insured vehicles . . . Vehicles covered[:]

1982 Chevrolet Monte Carlo . . . Premium [:]630.17"); (*id.* at 9) (specifying coverage details for the Monte Carlo in particular).

Although Allstate now attempts to add a limitation that a "non-owned auto can *only* be an insured auto when it is being operated by a named insured or resident relative of the named insured," it has failed to point to such a restriction within the four corners of the Policy. Allstate's suggested interpretation would neither give effect to the intent and reasonable expectations of the parties nor promote public policy and principles of fairness. Thus, the Court declines to adopt Allstate's interpretation. *See Thompson*, 84 P.3d at 501.

For the foregoing reasons, and upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that Allstate has not established it is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment (Doc. # 19) is DENIED.

DATED:  August 30, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge